**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID BALDUS PHILLIPS,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:09-CV-00377-RCJ-(VPC)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#9), respondents' motion to dismiss (#16), petitioner's opposition (#30), and respondents' reply (#31). The court grants the motion in part because petitioner has not exhausted his available state-court remedies for ground 4 of the petition.

    Pursuant to a plea agreement, the Second Judicial District Court of the State of Nevada convicted petitioner of one count of first-degree murder with the use of a deadly weapon. The court sentenced petitioner to life imprisonment with the possibility of parole after 20 years for the murder and to an equal and consecutive sentence for the use of a deadly weapon. Ex. 136 (#23). See also Nev. Rev. Stat. § 193.165 (2005). Petitioner filed untimely notices of appeal, and the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. Ex. 161 (#23).

    Petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 160. After an evidentiary hearing, the court determined that petitioner had been deprived of his right to a direct appeal, and the court allowed petitioner to file a supplemental brief that raised any issues that he could have raised on direct appeal. Ex. 206, pp. 79-82 (#24). After the supplemental briefing, the court

denied the petition. Ex. 220 (#24). Petitioner appealed, raising both direct-appeal and post-conviction issues. Ex. 234 (#34). The Nevada Supreme Court affirmed. Ex. 238 (#24).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

In ground 1, petitioner argues that his guilty plea was involuntary, pursuant to the Fourteenth Amendment and other provisions, because he was coerced into pleading guilty to keep his mother from being prosecuted. Respondents argue that petitioner did not present the claim to the Nevada Supreme Court as an issue of constitutional law. Regardless of petitioner's presentation, in determining that the guilty plea was knowing and voluntary, the Nevada Supreme Court relied upon Byrant v. State, 721 P.2d 364 (Nev. 1986). Ex. 238, p. 2 (#24). Bryant notes that the Constitution requires that a guilty plea be knowing and voluntary. 721 P.2d at 366. Even though petitioner did not present the claim to the Nevada Supreme Court as an issue of federal law, that court's use of federal law effectively exhausted ground 1. Peterson, 319 F.3d at 1158; Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002).

In ground 2, petitioner argues that he was denied his right to file a direct appeal because of ineffective assistance of counsel. The court is not persuaded by respondents' argument that petitioner

failed to raise this claim in his state habeas corpus appeal. See Ex. 234 (#34). Petitioner did not raise the issue in that appeal because the state district court had granted him relief on the claim. See Ex. 209. Petitioner could hardly appeal a decision in his favor; he simply mentioned that the district court correctly decided that he was denied his right to a direct appeal. Ex. 234, p. 14 (#34). Respondents did not contest the district court's decision. Instead, both parties focused on whether the district court gave petitioner the correct remedy. Ex. 234, pp. 10-14 (#34); Ex. 236, pp. 6-7 (#24). The exhaustion of ground 2 is moot because ground 2 itself is moot.

In ground 3, petitioner argues that counsel provided ineffective assistance, in violation of the Sixth Amendment, because counsel did not investigate and present potential mitigating evidence: Eight named witnesses who would have testified that petitioner is not a threat to society, is not violent, and thus does not deserve a life sentence. Petitioner also argues that counsel failed to explain to petitioner what would constitute mitigating evidence and the consequences of not presenting mitigating evidence. Petitioner argues that presentation of mitigating evidence might have led to a lesser sentence, i.e., a definite term of 50 years with parole eligibility after 20 years plus an equal and consecutive sentence for use of a deadly weapon. See Nev. Rev. Stat. § 200.030(4)(b)(3).

In state court, petitioner raised this claim as ground 5 of his supplemental petition. Ex. 171, pp. 6-8 (#23). State supplemental ground 5 and federal ground 3 are virtually identical. The state district court determined that an evidentiary hearing was necessary on this claim. Ex. 181, p. 2 (#24). Trisha Rice testified at the evidentiary hearing, and respondents argue that petitioner did not mention seven other people in his opening brief in his state habeas corpus appeal. "[N]ew factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" Chacon v. Wood, 36 F.3d 1459, 1468 (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)). The operative facts of this claim were before the state courts. Petitioner tailored his argument on appeal to the testimony at the evidentiary hearing, but nothing indicates that he dropped the rest of his claim. Ground 3 is exhausted.

Respondents also note that petitioner did not mention in his state habeas corpus appeal that his Fifth, Eighth, or Fourteenth Amendment rights were violated. Except for the incorporation of the Sixth Amendment to state-court criminal proceedings through the Fourteenth Amendment, none of these

provisions of the Constitution are relevant to a claim of ineffective assistance of counsel. The court will not consider them anyway with respect to ground 3.

In ground 4, petitioner claims that the remedy afforded for the denial of his direct appeal was a constitutionally inadequate substitute for a direct appeal. A noted above, the state district court allowed the parties to submit supplemental briefs, raising direct-appeal issues in the state habeas corpus action. Ex. 206, pp. 79-82 (#24). The state district court denied relief on the issues that petitioner raised. Ex. 220 (#24). On appeal to the Nevada Supreme Court, petitioner argued that the correct remedy was vacation of the judgment of conviction and re-sentencing, to re-start the time to file a notice of appeal. Ex. 234, pp. 10-14 (#34). The Nevada Supreme Court rejected that argument, stating that the remedy implemented in Lozada v. State, 871 P.2d 944 (Nev. 1994) was the functional equivalent of a direct-appeal.

The court agrees with respondents that petitioner did not present his argument regarding the adequacy of the Lozada remedy as an issue of constitutional law. Petitioner did cite decisions of federal courts of appeals in support of his argument that the state district court should have vacated the judgment and re-sentenced him. See Ex. 234, p. 11 (#34). Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002), followed the same procedure. However, the cases cited and Garcia are all appeals from the denials of motions to vacate federal-court sentences pursuant to 28 U.S.C. § 2255. In none of these opinions did the courts of appeals state that vacation and re-sentencing is required by the constitution. The courts of appeals appear to have ordered these remedies pursuant to their supervisory power over the district courts, not pursuant to the constitution. Because petitioner did not present the constitutional issue to the Nevada Supreme Court, ground 4 is unexhausted.

The petition (#9) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted ground 4 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust ground 4, or he may move to stay this action while he returns to state court to exhaust ground 4. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and

there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005).

Petitioner has submitted a motion for reconsideration of appointment of counsel (#27), and respondents have filed an opposition (#28). Petitioner has presented nothing that would lead the court to depart from its order (#8) denying his motion for appointment of counsel (#10).

The court vacates its order (#35) of August 11, 2010, because it duplicates an earlier order (#32), and the parties have complied with the earlier order (#32).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#16) is **GRANTED** in part with respect to ground 4.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss ground 4 of his petition (#9), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#9) to return to state court to exhaust his state remedies with respect to the claims set out in ground 4 of his petition (#9), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in ground 4 of his petition (#9). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (#9) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

IT IS FURTHER ORDERED that petitioner's motion for reconsideration of appointment of counsel (#27) is **DENIED**.

IT IS FURTHER ORDERED that the court's order (#35) of August 11, 2010, is **VACATED**.

Dated: This 24th day of August, 2010.

_____
ROBERT C. JONES
United States District Judge