

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID BALDUS PHILLIPS,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:09-CV-00377-RCJ-(VPC)

**ORDER**

    The court determined that petitioner did not exhaust his state-court remedies for ground 4 of the petition (#9), and the court directed petitioner to decide what to do with that unexhausted ground. Order (#37). Petitioner has submitted a Rule 60(b) motion (#38), which the court construes as a motion to reconsider its earlier order (#37) because the court has not entered a final judgment. Respondents have submitted an opposition (#39). The court finds that reconsideration is not warranted, and the court denies the motion (#38).

    The court is not persuaded by petitioner's argument that the court should consider ground 4 exhausted because he cited federal-court opinions in his state-court briefs. As the court explained in its order (#37), and as respondents argue in their opposition (#39), citation of a federal-court opinion does not necessarily present an issue of federal constitutional law to the state courts. Ground 4 is a claim that the state-court remedy for deprivation of a direct appeal—raising direct-appeal issues in a state post-conviction habeas corpus petition, with the right to appointed counsel—is a constitutionally inadequate substitute for a direct appeal. See Lozada v. State, 871 P.2d 944 (Nev. 1994). As the court noted, the opinions that petitioner cited in state court in support

of his claim did not decide issues of constitutional law. Those opinions interpreted the Federal Rules of Criminal Procedure, which do not apply to state-court criminal proceedings, and they determined that the remedy for a deprived direct appeal was to vacate and re-enter the judgment of conviction, thus allowing a direct appeal. In none of those opinions did the courts of appeals hold that the federal constitution required this procedure; the courts of appeal were acting as supervisors over federal criminal cases.

The court is also not persuaded by the opinions that petitioner cited in his state-court opening brief that did mention constitutional law. Petitioner cited Douglas v. California, 372 U.S. 353 (1963), for the proposition that the Sixth Amendment right to counsel extends to a direct appeal from a judgment of conviction. Petitioner cited Anders v. California, 386 U.S. 738 (1967), for the proposition that the Sixth Amendment requires counsel to file the appeal and to identify possible issues even though counsel does not believe that those issues have a reasonable probability of success. See Ex. 234, pp. 10-11 (#34). Neither of these two Supreme Court opinions hold that the federal constitution requires a particular procedure when counsel deprives a defendant of a direct appeal.

Finally, the court is not persuaded by Petitioner's argument that he cited Roe v. Flores-Ortega, 528 U.S. 470 (2000), in his state-court reply brief. See Ex. 237, p. 3 (#24). To the extent that petitioner was trying to raise a federal constitutional issue, Nevada does not allow the raising of new issues in reply briefs. Thomas v. State, 148 P.3d 727, 735 & n.21 (Nev. 2006) (citing Nev. R. App. P. 28(c)); Browning v. State, 91 P.3d 39, 54 (Nev. 2004) (same); Leonard v. State, 958 P.2d 1220, 1237 (Nev. 1998) (same). A procedurally incorrect method of raising an issue before a state court does not exhaust that issue. See Castille v. Peoples, 489 U.S. 346, 351 (1989).

IT IS THEREFORE ORDERED that petitioner's Rule 60(b) motion (#38) is **DENIED**.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss ground 4 of his petition (#9), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#9) to

1  return to state court to exhaust his state remedies with respect to the claims set out in ground 4 of his
2  petition (#9), or (3) move to stay this action while he returns to state court to exhaust his state
3  remedies with respect to the claims set out in ground 4 of his petition (#9).  Failure to comply will
4  result in the dismissal of this action.

      Dated: December 28, 2010

ROBERT C. JONES
United States District Judge